IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAMAR DAVIS LARSEN and ARAN EISENSTAT, on behalf of thlemselves and all others similarly situated,

    Plaintiffs,

v.

TRADER JOE'S CO.,

    Defendant.

No. C 11-05188 SI

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Plaintiff has moved for leave to file a Motion to Reconsider this Court's June 14, 2012 Order Granting in Part and Dismissing in Part Defendant's Motion to Dismiss. Specifically, plaintiffs request this Court reconsider its dismissal of plaintiffs' Magnuson-Moss Warranty Act ("MMWA") claim.

**BACKGROUND**

Plaintiffs Tamar Davis Larsen and Aran Eisenstat ("Plaintiffs") filed this putative class action on October 24, 2011 asserting eight causes of action against Trader Joe's. Plaintiffs' claims relate to Trader Joe's alleged labeling, marketing and sale of "All Natural" and "100% Natural" products that in fact contained one or more synthetic and/or non-natural ingredients as defined by the FDA. Compl. ¶ 2., Dkt. 1. Plaintiffs attest to purchasing most of these products during the Class Period. ¶¶ 6, 8. Plaintiffs allege that each of these products contains one or more of the following synthetic ingredients:

ascorbic acid; sodium acid pyrophosphate; xanthan gum; and vegetable mono and dyglycerides. *Id.* ¶ 2. Plaintiffs assert that Trader Joe's profited unfairly by marketing and selling these "All Natural" products to health-conscious consumers at a premium. *Id.* ¶¶ 2, 7-8. Plaintiffs alleged causes of action under the Magnuson Moss Warranty Act, 15. U.S.C. §§ 2301, *et seq.* (the "MMWA"); common law fraud; Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "UCL"); False Advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "FAL"); the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA"); and claim restitution on the basis of quasi-contract/unjust enrichment. SAC, ¶ 3.

On April 20, 2012, defendant filed a motion to dismiss several of plaintiffs' claims. Defendant sought an order dismissing the first cause of action for violation of the MMWA; all claims for injunctive relief; particular items arising under the seventh cause of action for violation of the CLRA; all claims with respect to Trader Joe's Crescent Rolls; and plaintiffs' eighth cause of action for unjust enrichment.

On June 14, 2012, this Court issued an Order dismissing with prejudice plaintiffs' MMWA claim and all claims related to Trader Joe's Crescent Rolls. The Court sustained plaintiffs' claims for injunctive relief; claims under the CLRA; and claim for unjust enrichment. Plaintiffs now move for leave to file a motion to reconsider this Court's dismissal of the MMWA claim.

**DISCUSSION**

Plaintiff urges this Court to reconsider its order dismissing the MMWA claim. The MMWA is a federal statute that adds special legal safeguards to consumer warranties. The statute applies to "any written affirmation of fact or written promise made in connection with the sale of a consumer product . . . which . . . promises that [the] material or workmanship is defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C.A. § 2301. In dismissing the claim, the Court noted that a defect primarily indicates an omission or an aberration, and therefore the deliberate use of the synthetic ingredients at issue does not comport with the ordinary meaning of the word "defect." In its Motion for Leave, plaintiffs argue that the fact Trader Joe's knowingly or deliberately added these synthetic ingredients does not mean they are not "defects" under the MMWA. Pls. Mot. at 3. In support of its position, plaintiffs cite case law in which courts have sustained MMWA claims

even where the defect was knowingly or deliberately introduced into a product. Plaintiffs cite *In re General Motors Corp. Engine Interchange Litig,* in which the court sustained MMWA claims on behalf of persons who purchased automobiles that contained a different engine than was advertised. 594 F.2d 1106, 1141 (7th Cir. 1979). Plaintiffs also cite *Alberti v. General Motors Corp.,* in which the court found that GM knew there was an excess braking force on the rear axle at the time vehicles left the assembly line, but failed to fix the flaw or notify purchasers. 600 F. Supp. 1026, 1028-1029 (D.D.C. 1985).

While the Court agrees that in some circumstances an MMWA claim may be viable when a defect was known or intentionally introduced by a manufacturer, the Court finds the analogy to dysfunctional or different-than-advertised car parts inapt to the present circumstances. In *Charles Hairston v. South Beverage Company, Inc.*, Judge Walter analyzed the precise question at issue: whether the labeling of beverage products that contained synthetic ingredients as "all natural" constituted a warranty under the MMWA. 2012 WL 1893818, *6 (C.D. Cal. May 18, 2012). The court dismissed the claim, finding that the statements "were product descriptions rather than promises that Lifewater [the product at issue] is defect-free." *Id.* at *6 (*citing In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, 2006 WL 1443737 (N.D. Ill. May 17, 2006) (dismissing MMWA claim because "Made in U.S.A." is a "product description," not a promise of performance.)). The Court agrees with the *Hairston* analysis and adopts it here. The "All Natural" and "100% Natural" labels were not warranties that the product was "defect free" within the meaning of the MMWA.

## CONCLUSION

The Court DENIES plaintiff's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: July 23, 2012

SUSAN ILLSTON
United States District Judge

3