IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMAR DAVIS LARSEN and ARAN EISENSTAT, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>TRADER JOE'S CO.,<br><br>    Defendant.<br>_____ / | No. C 11-05188 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS; VACATING HEARING** |

The motion by defendant Trader Joe's Company for judgment on the pleadings as to one product (apple juice) is currently scheduled for hearing on January 11, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

Plaintiffs Tamar Davis Larsen and Aran Eisenstat filed this putative class action on October 24, 2011, asserting eight causes of action against Trader Joe's: violation of written warranty under the Magnuson Moss Warranty Act, 15. U.S.C. §§ 2301, *et seq.* (the "MMWA"); common law fraud; unlawful business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "UCL"); unfair business practices in violation of the UCL; fraudulent business practices in violation of the UCL; False Advertising in violation of Cal. Bus. & Prof. Code §§ 17500,

*et seq.* (the "FAL"); violation of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA"); and restitution on the basis of quasi-contract/unjust enrichment. Second Amend. Compl. ¶ 3, Dkt. 33 ("SAC"). On June 14, 2012, the Court dismissed the MMWA cause of action and held that plaintiffs lacked standing to sue over certain Trader Joe's products that they had never purchased.

Plaintiffs' claims relate to Trader Joe's alleged labeling, marketing and sale of "All Natural" and "100% Natural" products which, plaintiffs allege, in fact contained one or more synthetic and/or non-natural ingredients as defined by the FDA. SAC ¶¶ 1-2. The Trader Joe's-brand products implicated in this litigation include: Trader Joe's Joe Joe's Chocolate Vanilla Creme Cookies; Trader Joe's Joe Joe's Chocolate Sandwich Cream Cookies; Trader Joe's Fresh Pressed Apple Juice; Trader Joe's Jumbo Cinnamon Rolls; Trader Joe's Buttermilk Biscuits; and Trader Joe's Trader Giotto's 100% Natural Fat Free Ricotta Cheese.[1] *Id.* ¶ 6. Defendant's instant motion seeks judgment on the pleadings only as to claims related to Trader Joe's Fresh Pressed Apple Juice ("Juice"). The Juice is variously labeled "All Natural Pasteurized" and "100% Juice." SAC, Ex. 1. The Juice's label lists two ingredients, "APPLE JUICE, ASCORBIC ACID (VITAMIN C)." *Id.* Ascorbic acid is a chemically modified form of vitamin C used in foods as a chemical preservative. *Id.* ¶ 23. It is produced from corn or wheat starch being converted to glucose, then to sorbitol, through a series of chemical processes and purification steps. *Id.*

Plaintiffs assert that Trader Joe's profited unfairly by marketing and selling this "All Natural" Juice to health-conscious consumers at a premium. *Id.* ¶¶ 2, 7-8. Plaintiffs wish to avoid consuming foods that contain synthetic, artificial or chemical ingredients and they assert that had they known the "truth" that the Juice contained such ingredients, they would have purchased other truly natural juice or purchased non-natural juice at a lesser price point. *Id.* ¶¶ 6-8. Plaintiffs allege that consumers desire "All Natural" food products for a variety of reasons, including perceived benefits such as a healthier lifestyle, avoiding diseases and chronic conditions, weight loss, helping the environment, assisting local farmers, assisting factory workers who would otherwise be exposed to synthetic and hazardous substances, and simply a desire to avoid chemical additives. *Id.* ¶ 32.

---

[1] The Court's June 14, 2012 Order dismissed claims with respect to Trader Joe's Crescent Rolls.

On December 7, 2012, Trader Joe's filed a motion for judgment on the pleadings seeking dismissal of all claims concerning Trader Joe's Fresh Pressed Apple Juice, arguing that all Juice-related claims are preempted by an express provision in the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, ("FDCA") and by federal labeling regulations. Plaintiffs filed an opposition to Trader Joe's motion on December 21, 2012; Trader Joe's replied on December 28, 2012.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The legal standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). For a motion under either rule, the question presented is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Proc. 12(d). While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar them; it is common to apply Rule 12(c) to individual causes of action. *See Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993).

**DISCUSSION**

Pursuant to the Supremacy Clause of the United States Constitution, "Congress has the power to preempt state law." *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 372 (2000). In cases of express preemption, Congress defines "explicitly the extent to which its enactments pre-empt state law." *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990). Where a statute contains an express

3

preemption provision, the Court first must focus on the "plain wording of the clause" to identify the "domain expressly preempted." *See Sprietsma v. Marine*, 537 U.S. 51, 62–63 (2002).

FDCA § 343–1(a)(2), provides that "no State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce...[a]ny requirement for the labeling of food...that is not identical to" federal requirements contained in the relevant sections. 21 U.S.C. § 343-1. "Not identical to" "means that the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food, or concerning a food container that: (i) Are not imposed by or contained in the applicable provision ... or (ii) Differ from those specifically imposed by or contained in the applicable provision...." 21 C.F.R. § 100.1(c)(4). Additional regulations provide that misbranding occurs where a "label or labeling represents, suggests, or implies...[t]hat a natural vitamin in a food is superior to an added or synthetic vitamin." 21 C.F.R. § 101.9(k). Therefore, state labeling obligations that are "not identical to" those imposed by federal law are expressly preempted.

The crux of Trader Joe's 12(c) motion is that plaintiffs' Juice-related claims are preempted because plaintiffs seek to impose labeling requirements that would suggest or imply that naturally occurring vitamin C is superior to synthetic vitamin C. Plaintiffs respond that they seek no such additional labeling requirement, but rather, that Trader Joe's refrain from affirmatively labeling its Juice as "All Natural" where it actually contains synthetic vitamin C – ascorbic acid. Plaintiffs assert that they make no allegation as to the superiority of naturally occurring vitamins, and more important, that they are not asking retailers to label naturally occurring vitamin C as superior to ascorbic acid. Trader Joe's replies that to bar manufacturers from labeling ascorbic acid as "All Natural" would force manufacturers imply that ascorbic acid is inferior. In other words, the *lack* of a label implies inferiority, and therefore violates federal regulations which treat ascorbic acid and naturally occurring vitamin C as synonyms. Trader Joe's goes so far as to argue that federal law *requires* that it label ascorbic acid as "All Natural."

The Court disagrees that plaintiffs' Juice claims are preempted. First, while federal law does prohibit state food labeling requirements that are not identical to federal requirements, the FDCA and California law contain *identical* prohibitions on false or misleading labeling. *Compare* Cal. Sherman

4

Food, Drug and Cosmetic Law ("Sherman Law"), Article 6 § 110660; FDCA § 403(a)(1), 21 U.S.C. § 343(a)(1) (both identically provide that food is misbranded if its "labeling is false or misleading in any particular."); *see also* Cal. Health & Safety Code § 110100(a) ("All food labeling regulations and any amendments...to the federal act, in effect on January 1, 1993, or adopted after that date shall be the food labeling regulations of this state"). In short, California and federal law are identical and plaintiffs' claims would be preempted only if the consequence of those claims implied or suggested a difference. *See, e.g.*, Final Rule, 60 Fed. Reg. 57076, 57120 (Nov. 13, 1995) ("[T]he only State requirements that are subject to preemption are those that are affirmatively different..."); *Chacanaca v. Quaker Oats Co.*, 752 F.Supp.2d 1111, 1119 (N.D. Cal. 2010) ("plaintiffs' claims need not fail on preemption grounds if the requirements they seek to impose are either identical to those imposed by the FDCA...").

Trader Joe's next argues that plaintiffs' use of California law to prohibit them from using the "All Natural" label runs afoul of federal regulations because it would imply or suggest naturally occurring vitamin superiority, and is therefore preempted. This argument relies on strained logic and an incomplete cherry-picking of federal regulations. According to Trader Joe's, plaintiffs seek to use this lawsuit "to require manufacturers and retailers to distinguish between added and 'natural' forms of Vitamin C on their product labels." Mot. at 7 (Dkt. 52). Federal regulations state that ascorbic acid and vitamin C may be used synonymously on food labels. *See, e.g.*, 21 C.F.R. § 101.9(c)(8)(v), 101.36(d), 101.36(e)(11)(i). Therefore, in Trader Joe's view, not only are these terms synonyms, but labels can never make *any* distinction as between them. Relying on 21 C.F.R. § 101.9(k)(4), Trader Joe's contends that "labels that make such distinctions between natural and added or synthetic vitamins are considered 'misbranded' under federal law." Mot. at 7. Moreover, since there can be no distinctions, as long as it is permissible to label naturally occurring vitamins as "All Natural," then "federal law not only permits, but indeed requires, manufacturers to label products with [synthetic] vitamins in an identical manner," that is, as "All Natural." Mot. at 9.

However, the entirety of the very federal regulations cited by Trader Joe's do not support that view. In fact, 21 C.F.R. § 101.9(k) was explicitly amended to remove this prohibition on all label differentiation. *See* 62 Fed. Reg. 49841 ("FDA is modifying ...§ 101.9(k)(4)...to remove the prohibition on differentiating between naturally-occurring and synthetic vitamins."). The FDA made this

amendment because it was concerned that § 101.9(k)(4) would be "misinterpreted to mean that labels cannot identify nutrients as naturally-occurring or synthetic." *Id.* While § 101.9(k)(4) does prohibit label statements that naturally occurring vitamins are superior to synthetic vitamins, it does not bar all label distinctions. In fact, the FDA has said that "[l]abel statements may...differentiate between the different forms of a vitamin," particularly as between naturally occurring and synthetic. 62 Fed. Reg. 49841. Thus, not only is the premise of Trader Joe's argument– that federal law permits no distinctions in labeling – entirely flawed, so too is the conclusion that it *must* label synthetic, ascorbic acid as "All Natural" because naturally occurring vitamin C may be labeled "All Natural." This conclusion does not square with logic or with FDA regulations. Simply because the two products are chemically similar or even identical, it does not follow that they must be labeled identically in all respects. As the FDA recognized in removing the strict prohibition on differentiating, there is some value to consumers and the market of knowing whether ingredients are synthetic or naturally occurring.

Trader Joe's cites to *Hairston v. South Beach Beverage Co., Inc.*, 2012 WL 1893818 (C.D. Cal. 2012), for the proposition that "All Natural" claims are preempted, but the case did not so hold.. There plaintiff put forth three theories of liability: (1) the "all natural with vitamins" label was deceptive because the Lifewater product contained synthetic ingredients; (2) Lifewater's labels were misleading because the product did not contain any of the fruits used to name its flavors; and (3) the use of "common vitamin name[s]" was misleading because the vitamins added to Lifewater were synthetic. *Id.* at *1, and n.2. Defendants filed a motion to dismiss arguing *only* that the second and third theories – the fruit name[2] and vitamin name claims – were preempted. *See id.,* Def. Mot. to Dismiss., Docket. No. 22, at 7-13. After holding that the fruit and vitamin name claims were preempted, the Court noted that the plaintiff could not avoid preemption by arguing that "he included his fruit name and vitamin name claims only as support for his 'all natural' claim." *Id.* at *3. Nowhere did the court hold that "all natural" claims are preempted. In fact, the court cites to *Ries v. Hornell*, 2011 WL 1299286 (N.D.Cal.

---

[2] The fruit name claims were preempted based on 21 C.F.R. § 101.22(i), which permits a manufacturer to use the name and image of a fruit on a product's packaging to describe the characterizing flavor of the product even where the product does not contain any of that fruit, or contains no fruit at all. *See, e.g., Dvora v. General Mills, Inc.*, 2011 WL 1897349 (C.D. Cal. May 6, 2011) (holding that CLRA and UCL claims were preempted by § 101.22(i) where the plaintiff was challenging the use of the words "Blueberry Pomegranate" in labeling a cereal not containing any blueberries or pomegranates).

6

Apr.4, 2011), where a court held that while an "all natural" claim was not preempted, a "fruit name" claim incorporating an "all natural" challenge was preempted. *Id.* Ultimately, the *Hairston* court dismissed the "all natural claim" on the merits, finding that once the preempted vitamin and fruit language was removed from the analysis, the label was not deceptive or misleading. *Id.* at *4. *Hairston* did not address whether "all natural" claims, on their own, are preempted. Moreover, plaintiffs' dispute with Trader Joe's is not about fruit names or vitamin names. Thus, *Hairston* doe not control.

        Finally, Trader Joe's posits that the preemption issue here turns on "whether state law may depart from federal law and require a manufacturer to label a product containing ascorbic acid differently from a product containing naturally-occurring Vitamin C." Mot. at 9. Here too, Trader Joe's misstates the issue. Nowhere in plaintiffs' SAC is there any allegation that synthetic vitamin C is inferior to naturally occurring vitamin C. At most, plaintiffs allege that consumers affirmatively choose "All Natural" products for a host of reasons, including helping the environment, assisting local farmers, and perceived health benefits. *See* SAC ¶ 32. More important, also nowhere to be found in plaintiffs' SAC is any request or demand that Trader Joe's affirmatively differentiate ascorbic acid from naturally occurring vitamin C on the Juice label. Whether California law may require a manufacturer or retailer to label a product "synthetic," or "non-natural," or even "natural," is of no moment. Plaintiffs' core allegation is that products containing synthetic ingredients, such as ascorbic acid, cannot lawfully be labeled "All Natural." Thus, plaintiffs seek to have Trader Joe's remove that term from the label of the Juice at issue, not to have Trader Joe's add "synthetic" or some other distinction noting the artificial source of the vitamin C in the Juice. Moreover, the labeling prohibition plaintiffs seek does not require manufacturers or retailers to "imply" anything positive or negative about ascorbic acid. To be sure, the ability to describe as "All Natural" may have market consequences. But the absence of a label is quite different from the addition of positive or negative language, which the regulations plainly prohibit.

        In sum, because Trader Joe's has made no showing that the lack of an "All Natural" label would imply or suggest ascorbic acid inferiority in violation of the FDCA and FDA regulations, it has made no showing that plaintiffs' Juice-related claims are preempted.

7

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion for judgment on the pleadings as to claims related to Trader Joe's Fresh Pressed Apple Juice.

**IT IS SO ORDERED.**

Dated: January 9, 2013

SUSAN ILLSTON
United States District Judge