IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAMAR DAVIS LARSEN and ARAN EISENSTAT,

    Plaintiffs,

  v.

TRADER JOE'S CO.,

    Defendant.
                              /

No. C 11-05188 SI

**ORDER DENYING PLAINTIFFS' DISCOVERY REQUEST**

On January 29, 2013, plaintiffs and defendant submitted a joint statement regarding a discovery dispute. Plaintiffs requested that the Court compel defendant to answer an interrogatory question. For the reasons set forth below, the Court DENIES plaintiffs' request.

Plaintiffs' complaints alleges that Trader Joe's falsely and misleadingly labeled certain products "All Natural" or "100% Natural." They allege that the ingredients in certain Trader Joe's brand cookies, apple juice, cinnamon rolls, biscuits, and cheese contain synthetic and/or unnatural ingredients. In Interrogatory No. 11, plaintiffs asked Trader Joe's:

> In paragraphs 23 through 27 of Plaintiffs' Second Amended Complaint (Dkt. 33), Plaintiffs identified the INGREDIENTS in Trader Joe's PRODUCTS they allege to be SYNTHETIC. State which, if any, of these INGREDIENTS you contend are natural and, for any INGREDIENT you contend is natural, describe the basis of your contention.

Initially, Trader Joe's objected to Interrogatory 11, arguing that "(1) the term 'natural' is vague, ambiguous, susceptible to multiple interpretations; and (2) it calls for a legal opinion." In response, the parties met and conferred, and Trader Joe's submitted a supplemental response to Interrogatory No. 11. Plaintiffs contend that the supplemental response did not answer the question.

Trader Joe's supplemental response explains the difficulty of defining "natural," and offers several possible definitions based on Webster's dictionary, policy of the United States Department of Agriculture ("USDA") for labeling meat and poultry, and informal guidance from the United States Food and Drug Administration ("FDA"). Then Trader Joe's lists five allegedly synthetic ingredients that it contends are natural, and provides this basis for why it considers each a natural ingredient: (1) Ascorbic Acid is natural based on federal vitamin regulations that consider Vitamin C and Ascorbic Acid synonymous; (2) Potassium Carbonate is a processing agent and not an ingredient, and consumers would expect to find it in natural cookies (consumer expectation is part of the FDA guidelines for "natural"); (3) Sodium Acid Pyrophosphate is natural because it is on the USDA list of approved ingredients for processed organic foods, and would meet the FDA consumer expectation test; (4) Vegetable Mono- and Dyglycerides are natural because they are made from vegetable products, are on the USDA organic ingredients, and would meet the FDA consumer expectation test; (5) Xanthan Gum is natural because it is a derivative of sugar and naturally occurring bacteria, is commonly accepted as natural by the FDA, and would meet the FDA consumer expectation test.

The Court finds that Trader Joe's supplemental response has answered plaintiffs' interrogatory. The interrogatory asked Trader Joe's to list the allegedly synthetic ingredients it claimed were natural, and then to describe the basis of that contention. Trader Joe's listed five allegedly synthetic ingredients that it claims are natural. For each of these ingredients, Trader Joe's explained the basis for its claim that it was natural. Therefore, Trader Joe's has answered the interrogatory.

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiffs' request for the Court to compel Trader Joe's to answer Interrogatory 11. This resolves Docket No. 58.

**IT IS SO ORDERED.**

Dated: February 8, 2013

SUSAN ILLSTON
United States District Judge

2