**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**TAMAR DAVIS LARSEN AND ARAN EISENSTAT, on behalf of themselves and all others similarly situated,**

**Plaintiffs,**

**v.**

**TRADER JOE'S COMPANY, a California Corporation,**

**Defendant.**

Case No. 3:11-cv-05188-WHO

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Hon. William H. Orrick
Courtroom 2, 17th Floor

The parties to this litigation have stipulated to and entered into a Stipulation of Class Action Settlement Agreement ("Agreement") dated February 3, 2014, which if approved, would resolve this putative class action. Plaintiffs Tamar David Larsen and Aran Eisenstat filed a motion for preliminary approval of the Agreement. Defendant does not oppose the motion, and supports preliminary approval of the Agreement by the Court.

The Court has read and considered the Agreement (Docket No. 81-1) and all exhibits thereto, including the Class Notice and Claim Form, and finds there is sufficient basis for: (i) granting preliminary approval of the Agreement; (ii) certifying the Settlement Class for settlement purposes only; (iii) appointing Plaintiffs Tamar Davis Larsen and Aran Eisenstat as Class Representatives and their counsel as Co-Lead Counsel for the Settlement Class; (iv) directing that notice be disseminated to the Settlement Class; and (v) setting a hearing at which the Court will consider whether to grant final approval of the Agreement.

The capitalized terms used in this Order are defined in the Agreement unless otherwise defined herein.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

Preliminary Approval of Settlement

1. The Court preliminary approves the Agreement, finding that its terms appear sufficient, fair, reasonable and adequate to the Settlement Class, subject to the Final Approval Hearing described below. The Court finds that the Agreement contains no obvious deficiencies, that the Parties entered into the Agreement in good faith, following an arm's-length negotiation between their respective counsel, and that the Agreement is sufficiently within the range of reasonableness such that Class Notice of the Agreement should be disseminated to the Settlement Class.

Class Certification

2. The Court preliminary certifies, for settlement purposes only, the following Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

All consumers in the United States who, on or after October 24, 2007 through Preliminary Approval, made retail purchases of one or more of the Products that were labeled "All Natural" or

"100% Natural" and also contained one or more of the following ingredients: ascorbic acid, cocoa processed with alkali, sodium acid pyrophosphate, vegetable mono- and diglycerides, and xanthan gum. Excluded from the Settlement Class are: (i) Trader Joe's Company ("Trader Joe's") and its employees, principals, officers, directors, agents, affiliated entities, legal representatives, successors and assigns; (ii) the judges to whom this action has been or is assigned and any members of their immediate families; and (iii) all consumers who timely filed a Request for Exclusion from the Settlement Class ("Settlement Class").

3. The Court finds that Plaintiffs Tamar Davis Larsen and Aran Eisenstat will fairly and adequately protect the interests of the Settlement Class and approves Plaintiffs as Class Representatives.

4. Having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by such appointment, the Court appoints the following law firms to serve as Co-Lead Counsel on behalf of the Settlement Class: FEINSTEIN DOYLE PAYNE & KRAVEC, LLC, 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, Pennsylvania 15219; LAW OFFICES OF JANET LINDNER SPIELBERG, 12400 Wilshire Boulevard, Suite 400, Los Angeles, California 90025; and BRAUN LAW GROUP, P.C., 10680 West Pico Boulevard, Suite 280, Los Angeles, California 90064.

5. The Court finds that, for purposes of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class. Joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Settlement Class Members and predominate over questions affecting only individual Settlement Class Members' claims regarding whether Trader Joe's misbranded or mislabeled certain of its products by using the terms "All Natural" and/or "100% Natural" even though they contained allegedly synthetic ingredients. Plaintiffs' claims are typical of those of the Settlement Class, in that: (i) the interests of the Plaintiffs are consistent with those of the Settlement Class; (ii) there are no apparent conflicts between or among the named Plaintiffs and the members of the Settlement Class; (iii) the Plaintiffs have been and are capable of continuing to be an active participant in both the prosecution of, and the negotiations to settle, the

Action; and (iv) the Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint. In accordance with the Supreme Court's holding in *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997), this Court need not address whether this case, if tried, would present issues of manageability under Rule 23(b)(3)(D). Finally, a class settlement is superior to other available methods for a fair resolution of the controversy.

Notice to Potential Settlement Class Members

6. The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the notice plan contemplated constitutes the best notice practicable under the circumstances; is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class; and constitutes valid, due and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, the Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

7. As set forth in the Agreement at Section III.C.2, the Settlement Administration Expenses, which includes but is not limited to the costs and expenses incurred providing notice to the Settlement Class, shall be deducted from Trader Joe's total financial commitment of $3,375,000.00 before any refunds are awarded to Settlement Class Members.

Retention of Class Action Settlement Administrator & Notice Plan

8. The Court authorizes and directs Trader Joe's to retain Rust Consulting as the Class Action Settlement Administrator to effectuate the Agreement, including the notice and claims administration program, and to cause Class Notice to be disseminated in the matter set forth in the notice program on or before the Notice Date. The Class Action Settlement Administrator shall, among other tasks: (i) publish the Short Form Notice twice over a period of two consecutive weeks in *USA Today* and once via *PR Newswire* on a nationwide distribution; (ii) mail the Long Form Notice by U.S. Mail to those individuals for whom Co-Lead Counsel or Trader Joe's provide a U.S. postal address; (iii) establish the toll-free telephone line; (iv) establish the settlement website; (v) receive and process Claim Forms and Claims; and (vi) carry out such other responsibilities as are provided for in the Agreement or may be agreed to by the Parties.

9. In addition to the notice plan set forth immediately above, Trader Joe's shall also e-mail the Long Form Notice to potential Settlement Class Members along with the next regularly scheduled edition of its Fearless Flyer newsletter that will be issued on or before the Notice Date. Should the next regularly scheduled edition of the Fearless Flyer newsletter be distributed after the Notice Date, all dates triggered by the occurrence of the Notice Date shall be extended by a number of days equal to the number days after the Notice Date the Long Form Notice is sent with the Fearless Flyer newsletter.

Final Approval Hearing

10. At or before the Final Approval Hearing (defined below), the Class Action Settlement Administrator shall file with the Court documentation showing and an affidavit attesting that Class Notice was disseminated in accordance with the notice plan and this Order. Trader Joe's shall also provide the Court with an affidavit attesting that it distributed the Long Form Notice via e-mail pursuant to the notice plan set forth in the Agreement and this Order.

11. A hearing on entry of final approval of the Agreement and an award of Attorneys' Fees and Expenses to Co-Lead Counsel and incentive awards to named Plaintiffs ("Final Approval Hearing") shall be held on **July 9, 2014**, before the undersigned in Courtroom 2, 17th Floor of the United States District Court for Northern District of California, 450 Golden Gate Avenue, San

Francisco, CA 94102. At the Final Approval Hearing, the Court will consider: (i) whether the Settlement Class satisfies the applicable requirements of Rule 23 and should be finally certified for settlement purposes only; (ii) whether the Agreement should be approved as fair, reasonable, and adequate for the Settlement Class; (iii) whether the Court shall issue the Final Judgment and Order Approving Settlement approving the terms of the Agreement and dismissing the Action with prejudice; (iv) whether Co-Lead Counsel's application for Attorneys' Fees and Expenses and incentive awards for the named Plaintiffs should be granted; (v) the validity of any Requests for Exclusion and whether to exclude from the Settlement Class those persons who validly and timely opt out; and (vi) the objections, if any, regarding this Agreement.

Objections

12. Any Settlement Class Member who complies with the requirements of this paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who intends to object to the proposed settlement must do so no later than 75 days after the Notice Date ("Objection Date"). In order to object, the Settlement Class Member must file with the Court, at the address specified in the Class Notice, documentation that: (i) provides the name, address, telephone number, and e-mail address of the objecting Settlement Class Member and, if represented by counsel, the name, address, telephone number, and e-mail address of his/her counsel; (ii) specifically identify all objections, as well as the specific reasons, if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of his or her objection; (iii) provides Proof of Purchase of a Product or a statement, sworn to under penalty of perjury pursuant to 28 U.S.C. § 1746, attesting to the fact that he or she purchased one or more of the Products during the Settlement Class Period; and (iv) notice if the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel.

13. Any Settlement Class Member may also appear at the Final Approval Hearing either in person or through counsel retained at the Settlement Class Member's expense. A Settlement Class Member who wishes to appear at the Final Approval Hearing, in person or through counsel,

may provide the Court with written notice of intent to appear in accordance with the preceding paragraph.

Exclusions

14. Any Settlement Class Member may request to be excluded (or "opt out") from the Settlement Class. A Settlement Class Member who wishes to opt out of the Settlement Class must do so no later than 75 days after the Notice Date ("Opt Out Date"). In order to opt out, a Settlement Class Member must complete and mail to the Class Action Settlement Administrator a Request For Exclusion that is post-marked no later than the Opt Out Date. The Request for Exclusion must: (i) be personally signed by the Settlement Class Member requesting exclusion; (ii) request exclusion from the Settlement Class; and (iii) include a statement that the requesting person is a member of the Settlement Class. So-called "mass" or "class" opt outs shall not be allowed.

15. Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim or receive any relief, file an objection, or has pending, or subsequently initiates, any litigation, arbitration or any other proceeding against any of the Released Parties relating to the Released Claims.

16. Any Settlement Class Member who properly requests to be excluded from the Settlement Class shall not: (i) be bound by any orders or judgments entered in the action relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the agreement.

17. The names of all Settlement Class Members who properly requested exclusion shall be included or attached as an exhibit to the Final Order and Judgment.

Termination

18. If the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Judgment as contemplated by the Stipulation, or the settlement is terminated pursuant to its terms or for any reason:

a. All orders and findings entered in connection with the settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for

any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

b. The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, the Action shall proceed as though the Settlement Class had never been certified pursuant to this settlement and such findings had never been made, and the Action shall return to the procedural *status quo* before entry of this Order;

c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against Trader Joe's or Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this action as a class action or relating to Trader Joe's liability with respect to any claims that were or could have been asserted in this Action;

d. Nothing in this Order or pertaining to the settlement shall be used as evidence in any further proceeding in this Action or any other action, including, but not limited to, motions or proceedings seeking treatment of this action as a class action; and

e. All of the Court's prior orders having nothing whatsoever to do with class certification or settlement approval shall, subject to this Preliminary Approval Order, remain in force and effect.

Deadlines

19. In accordance with the Agreement and the exhibits attached thereto, the Court sets the following deadlines subject to Section V.1.a of the Agreement:

a. The Long Form Notice and Claim Forms shall be mailed and posted on the internet within thirty (30) days following entry of this Order ("Notice Date").

b. No later than thirty (30) days after entry of this Order, the Short Form Notice will be published twice over a period of two weeks in *USA Today*.

c. No later than thirty (30) days after entry of this Order, the Short Form Notice will be distributed once by *PR Newswire* on a nationwide distribution.

d. In accordance with Sections V.3 and V.4 of the Agreement, Trader Joe's and the Class Action Settlement Administrator shall file with the Court proof of compliance with the notice plan no later than seven (7) business days prior to the Final Approval Hearing.

e. All papers in support of Co-Lead Counsel's application for an award of Attorneys' Fees and Expenses and incentive awards shall be filed no later than forty five (45) days after the Notice Date.

f. Any requests for exclusion from the Settlement Class must be postmarked no later than seventy five (75) days after the Notice Date.

g. Any objections to the Agreement must be filed with the Court no later than seventy five (75) days after the Notice Date.

h. All completed Claim Forms must be postmarked or submitted online no later than ninety (90) days after the Notice Date.

i. All papers in support of final approval of the settlement shall be filed no later than ninety (90) days after the Notice Date.

j. A Final Approval Hearing shall be scheduled within approximately one hundred twenty (120) days following the Notice Date, or as the Court's schedule permits.

21. If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next Court business day.

22. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the settlement website referred to in the Class Notice, and the parties shall not be required to re-send or re-publish Class Notice.

Dated: February 6, 2014.

HON. WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE