1   Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER**
2   **  SPIELBERG**
12400 Wilshire Boulevard, #400
3   Los Angeles, California 90025
Tel: (310) 392-8801
4   Fax: (310) 278-5938
Email: jlspielberg@jlslp.com
5

6   Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
7   10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
8   Tel: (310) 836-6000
Fax: (310) 836-6010
9   Email: service@braunlawgroup.com
10

Joseph N. Kravec, Jr. (*pro hac vice*)
Wyatt A. Lison (*pro hac vice*)
**FEINSTEIN DOYLE PAYNE &**
**  KRAVEC, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
Email: jkravec@fdpklaw.com
        wlison@fdpklaw.com

11  *Attorneys for Plaintiffs*

12

13          IN THE UNITED STATES DISTRICT COURT

14      FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16  **TAMAR DAVIS LARSEN and ARAN**
**EISENSTAT on behalf of themselves and all**
17  **others similarly situated,**

18                          Plaintiffs,

19              v.

20  **TRADER JOE'S COMPANY,**

21                          Defendant.

22

| **CASE NO.: CV-11-5188-WHO** |
| **CLASS ACTION** |
| **DECLARATION OF MICHAEL D. BRAUN IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND PLAINTIFF INCENTIVE AWARDS** |

23

24

25

26

27

28

I, Michael D. Braun declare as follows:

1.      I am a principal with the Braun Law Group, P.C., co-counsel for Plaintiffs Tamar Larsen and Aran Eisenstat in the above captioned action.  I am a member of the California Bar and am admitted to practice in this District.

2.      This declaration is submitted in support of Plaintiff's Motion for award of Attorneys' Fees; Reimbursement of Expenses; and Plaintiff Incentive Award.

EXPERIENCE

3.      I was admitted to the California Bar in 1993, the District of Columbia Bar in 1996, the New York Bar in 1999 and the Bar of England in Whales in 2006.  I am member in good standing of each.

4.      I received a Bachelor of Arts degree from the University of California Los Angeles, a Juris Doctor from Loyola Law School and a Master of Laws from the London School of Economics.

5.      I have been employed as a lawyer since graduating and have been in practice for more than 20 years.  My entire legal career has been spent as a Plaintiff's attorney prosecuting complex and class action litigation. I began as an associate with Stull Stull & Brody ("SSB"), a boutique class action firm specializing in the prosecution of securities class actions. I spent approximately 10 years with SSB, the last four of which I was the managing attorney of the Los Angeles office which had four attorneys, two secretaries, a paralegal and assorted clerical staff.  In 2004, I left SSB to start the Braun Law Group, where I have been since.  My practice remains exclusively the prosecution of class actions.

6.      Over my career, I have served as lead or liaison counsel in well over a hundred cases. I have been named a Super Lawyer by my peers and Los Angeles Magazine every year since 2005. I was also fortunate enough to be named a named Lawyer of the Year ("Clay Award") in 2000 by California Lawyer Magazine for my work on *Small v. Fritz Co.*, 30 Cal. 4th 167 (April 7, 2003).

## HISTORY OF THE LITIGATION

7.    On October 24, 2011, Plaintiffs Tamar David Larsen and Aran Eisenstat filed a Complaint for Damages, Equitable, Declaratory and Injunctive Relief against Defendant Trader Joe's Co. alleging that certain food products sold by Trader Joe's were misbranded "All Natural" or "100% Natural" because they contain one or more synthetic ingredients.  Prior to the filing of the complaint my colleagues and I conducted extensive research into the various state and federal food regulations that could possibly govern this matter. Substantively, the effort focused on applicability of regulations and determining whether certain products were synthetic. Procedurally the research focused on issues of preemption.

8.    On December 22, 2011, Trader Joe's filed a Motion to Dismiss Plaintiffs' Complaint. Dkt. No. 13.  In response, on January 12, 2012, Plaintiffs filed their First Amended Complaint. Dkt. No. 23.  Trader Joe's answered on February 10, 2012.  Dkt. No. 31. Plaintiffs subsequently filed a Second Amended Complaint ("SAC") on March 23, 2012 which was contested, but ultimately the SAC was sustained in large part. Dkt. No. 41.

9.    On December 7, 2012, Trader Joe's filed a Motion for Judgment on the Pleadings which was denied in its entirety. Dkt. No. 57.

10.    Defendant propounded interrogatories and requests for production of documents on both named Plaintiffs.  Plaintiffs propounded three sets of requests for production of documents, requests for admission and interrogatories on the Defendant. Plaintiff also noticed a deposition of a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6). In addition, Plaintiffs issued subpoenas for documents and testimony from five non-party manufacturers who were believed to have supplied the Products at issue in this litigation to Trader Joe's.  Plaintiffs also retained experts to assist with class certification and the merits of the litigation.

11.    Plaintiffs were preparing to move for class certification when the matter was finally settled.

12.    Prior to reaching a settlement, Plaintiffs' Counsel participated in three separate days of mediation before the Hon. Peter Lichtman (ret.) over a period of several months.  The parties

remained intractable until the end and the settlement was only achieved as the result of both sides accepting a mediator's proposal.

13.      The fees were agreed to through arm's length negotiations after the parties agreed on the other key deal terms.

14.      As previously detailed in Plaintiffs' Motion for Preliminary Approval of Settlement, the settlement efforts undertaken by Plaintiffs' Counsel resulted in the creation of a $3,375,000.00 fund to compensate the Class. Class members will receive remuneration for each Product purchased at its average retail price, which is essentially tantamount to a full refund on a product.[1] Class Members are entitled to make as many claims as they have with proof of purchase, or up to 10 claims without such proof. The total possible remuneration per claimant is $39.00. In addition, Trader Joe's has agreed to discontinue the use of the terms "All Natural" or "100% Natural" on the Product Labels at issue.

15.      The per-product remuneration reflects the average retail price of the Product during the Class Period and therefore reflects the maximum amount of disgorgement per product that Plaintiffs could have reasonably achieved at trial.

16.      Plaintiffs' Counsel have spent considerable outlays of time and money by, among other things: (1) investigating the action; (2) drafting complaints; (3) defending two attacks on the pleadings; (4) propounding discovery; (5) negotiating a settlement over the course of three separate mediations held over several months; (6) drafting the preliminary approval motion and related settlement documents; and (7) supervising the settlement administration.

<u>REASONABLENESS OF HOURLY RATES</u>

17.      I specialize in the prosecution of class litigation and have extensive experience in consumer class action lawsuits that are similar in size, scope and complexity to the present case. A copy of my firm's resume is attached to the Declaration of Michael D. Braun in Support of

---

[1] All capitalized terms will have the same meanings as those set forth in the Settlement Agreement Dkt. No 81. Ex. A.

BRAUN DECL. ISO MOT. FOR ATTY FEES

Preliminary Approval of Settlement Exhibit D. Dkt. No. 74-1.  My co-counsel's resumes can be found attached to the same document as Exhibits B and C.

18.    I, and my colleagues, took this case entirely on a contingent basis and in so doing assumed a significant risk of non-payment both in terms of expenditure of time and out of pocket expenses.

19.    As small firms, we have to carefully consider the viability of matters which we prosecute as taking on each case requires us to forego other financial opportunities. When taking on this case, we had the expectation that we will receive a risk enhancement if we prevail.

20.    The schedule attached hereto as Exhibit A is a summary of the time expended on this litigation by my firm from inception through April 30, 2014.  The total number of hours spent prosecuting this action is 386. The total lodestar to date for my firm is $260,550.00.  My hourly rate is $675.00 per hour.  The schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm.  The hourly rates are the same as the usual and customary hourly rates charged for services in other actions.

21.    Attached to my declaration as Exhibit B is a summary of expenses incurred in the prosecution of this matter totaling $16,026.54. The schedule was prepared from records prepared and maintained by my firm.

22.    My hourly rates reflects my skill and experience as a litigator and are commensurate with the rates charged for similar services by lawyers of reasonably comparable skill, experience, and reputation in this District.

23.    In assessing a reasonable hourly rate, courts consider the prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895-96, 104 S. Ct. 1541, 79 L. Ed. 2d 891 and fn. 11 (1984).  The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United*

*Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1140 (Cal. 2001).

24.     As detailed above, my practice is dedicated to the prosecution of class actions. The majority of my cases are litigated in California, primarily in the Central and Northern Districts. My hourly rates have been routinely approved in both districts. *See e.g.*, *In re Indymac ERISA Litigation*, (CDCA) CV 08-04579 DDP (VBKx), Final Order & Judgment, (Dkt. No. 137); *Eisenstat v. Ken's Foods, Inc.*, (CDCA) 10-CV-02510-SVW (PLAx), Final Order Approving Settlement & Judgment of Dismissal With Prejudice, (Dkt. No. 37); *Wool v Sitrick*, (CDCA) 10-CV-02741 JHN (PJWx), Order Granting in Part Plaintiffs' Motion for Attorney's fees and Expenses, (Dkt. No. 160); *In Re Cooper Companies Derivative Litig.*, (CDCA) CV 06 00300 CJC (RNB), (Dkt. No. 110); *In re Google Buzz Privacy Litigation*, (NDCA) 10-CV-00672 JW, Amended Order Granting Final Approval of Class Action Settlement; Approval of Cy Pres Awards; and Awarding Attorney Fees, (Dkt. No. 129).

25.     In demonstrating the reasonableness of hourly rates, it is also appropriate to submit the affidavits of practitioners from the same forum with similar experience to establish the reasonableness of the hourly rate sought. *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000) (holding that affidavits of four practitioners in the community were sufficient to establish reasonable rate). Each of the following cases affirmed fee awards commensurate with the hourly rates sought in this case. The declarations submitted by each of the practitioners similarly refer to additional cases and support for the hourly rates.  *See e.g. Sugarman v. Ducati N. Am., Inc.*, Case No. 5:10-cv-05246, 2012 U.S. Dist. LEXIS 3961 (N.D. Cal. Jan. 12, 2012) (Dkt. No. 81, Declaration of Eric Gibbs); *Milano v. Interstate Battery Sys. of Am., Inc.*, Case No. C 10–02125 , 2012 U.S. Dist. LEXIS 93192 (N.D. Cal. July 5, 2012)(Dkt. No. 101); *Wren v. RGIS Inventory Specialists*, Case No. 06-cv-05778 JCS, 2011 U.S. Dist. LEXIS 38667 (N.D. Cal. Apr. 1, 2011)(Dkt. Nos. 876 and 877, Declarations of James Finberg and Jonathan Gertler, respectively); *Steinfeld v. Discover Financial Service,* Case No. 3:12-cv-01118-JSW, Dkt No. 64-1 (Approving $725 for 1993 graduate); *Walsh v. Kindred Healthcare*, Case No. No. C 11-00050 JSW, 2013 U.S.

Dist. LEXIS 176319, (N.D. Cal. Dec. 16, 2013)(Exhibit J, Declaration of Richard M. Pearl opining on current and historical billable rates).

26.     Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards is being filed pursuant to Court's February 6, 2014 Order re: Preliminary Approval of Settlement and Notice to Class.  The Motion is also filed well in advance of the June 2, 2014 deadline for class members to file an objection to the settlement.  See *Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988, 994 (9th Cir. Cal. 2010)(requiring plaintiff's counsel's request for an award of fees to be filed prior to the deadline for objections).

27.     I anticipate that Plaintiffs' Counsel will continue to incur additional attorney hours in connection with the following:  final approval of the Settlement, responding to inquiries from Class Members, interacting with the Settlement Administrator, and generally overseeing implementation of the Settlement.

28.     Attached as Exhibits C and D, respectively are the Declarations of Janet L. Spielberg and Joseph Kravec, my co-counsel in this matter.  Their declarations indicate the time and expense incurred by each of their firms in connection with the prosecution of this litigation.

29.     Collectively, class counsel has spent  1558.85 hours prosecuting this litigation for a total lodestar of $850,192.50.

30.     In addition, collectively class counsel has expended $55,619.46 in reasonable and properly reimbursable expenses. These expenses reflect costs that were necessary expenditures associated with prosecuting this matter and would be costs that are typically billed to hourly clients.

## PROPOSED INCENTIVE AWARDS

31.     Each Plaintiff has expended time and effort in prosecuting this litigation consisting of: (a) retaining counsel; (b) providing them information necessary to draft the complaints including the Products they purchased, the location and frequency of such purchases and the reasons for selection of the products; (c) reviewing and commenting on the draft complaints; (d) monitoring the litigation which included regular calls with their counsel as well as the review of documents and pleadings which were sent them; (e) discussing the settlement terms and ultimately

agreeing to and approving such terms; and (f) understanding and agreeing to each of the responsibilities of a named plaintiff and putative class representative.

32.     Each Plaintiff has submitted a declaration attesting to the time spent in service of prosecuting this action.  The declarations of Tamar Larsen and Aran Eisenstat and are attached hereto as Exhibits E and F, respectively.

33.     Based on the foregoing I respectfully request that the Court approve of Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Plaintiff Incentive Awards.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of May 2014, Los Angeles, California.

MICHAEL D. BRAUN

# EXHIBIT A

TRADER JOE'S LITIGATION FEE REPORT

FIRM NAME: Braun Law Group, P.C

REPORTING PERIOI D: INCEPTION - END

| Timekeeper | Hours | Rate | Lodestar | |
|---|---|---|---|---|
| Michael D. Braun | 386.00 | $675 | $ | 260,550.00 |
| | 0.00 | | $ | - |
| | | | $ | - |
| | | | $ | - |
| TOTAL | 386.00 | | $ | 260,550.00 |

# EXHIBIT B

TRADER JOE'S LITIGATION EXPENSE REPORT

FIRM NAME: BRAUN LAW GROUP, P.C

REPORTING PERIOD: INCEPTION-END

| Description | Amount |
|---|---|
| Travel (Air fare, ground travel, meals, lodging) | $ 2,092.26 |
| Telephone/Facsimile | |
| Postage/Express Delivery | $ 3.90 |
| Internal Copies/Prints | $ 369.30 |
| Experts/Consultants | $ 10,291.66 |
| Court Fees | |
| Court Reporters/Transcripts | $ 14.55 |
| Process Services | $ 33.60 |
| Computer Research | $ 571.95 |
| Mediation Services | $ 2,350.00 |
| Overnight Services | $ 299.32 |
| Miscellaneous | |
| Total | $ 16,026.54 |

# EXHIBIT C

1   Michael D. Braun (167416)
    BRAUN LAW GROUP, P.C.
2   10680 West Pico Boulevard, Suite 280
    Los Angeles, CA 90064
3   Tel: (310) 836-6000
    Fax: (310) 836-6010
4   E-mail: service@braunlawgroup.com

5

6   Janet Lindner Spielberg (221926)
    LAW OFFICES OF JANET
7     LINDNER SPIELBERG
    12400 Wilshire Blvd., Suite 400
8   Los Angeles, CA 90025
    Tel:  (310)392-8801
9   Fax:  (310)278-5938
    E-mail: jlspielberg@jlslp.com
10
    *Counsel for Plaintiff*
11

12

13                 UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17  **TAMAR DAVIS LARSEN AND ARAN**      CASE NO. **3:11-cv-05188-WHO**
    **EISENSTAT, on behalf of themselves**
18  **and all others similarly situated,**

19                                        CLASS ACTION
    **Plaintiffs,**                       DECLARATION OF JANET
20                                        SPIELBERG IN SUPPORT OF
                                          PLAINTIFFS' COUNSEL'S
21  v.                                    REQUEST FOR AWARD OF
                                          ATTORNEYS' FEES;
22                                        REIMBURSEMENT OF
    **TRADER JOE'S COMPANY, a**           EXPENSES; AND PLAINTFF
23  **California Corporation,**           INCENTIVE AWARDS

24               **Defendant.**           Hon. William H. Orrick

25                                        Date:  July 9, 2014
26                                        Time:  2:00 p.m.
                                          Location: Courtroom 2, 17th Floor
27

28

Joseph N. Kravec, Jr.
Ellen M. Doyle
STEMBER FEINSTEIN DOYLE
  & PAYNE LLC
429 Forbes Avenue, 17th Floor
Pittsburgh, PA 15219
Tel:  (412) 281-8400
Fax:  (412) 281-1007
Email: jkravec@stemberfeinstein.com
Email: edovle@stemberfeinstein.com

[Spielberg Decl. ISO Award of Atty Fees; Reimbursement of
                                              Expenses and Plaintiff Incentive Awards]

I, Janet Lindner Spielberg, declare as follows:

1.     I am a principal with the Law Office of Janet Lindner Spielberg.  Together with my co-counsel, I have served as counsel for Plaintiffs Aran Eisenstat and Tamar Larsen and the proposed Class throughout this case from its inception to conclusion.  I am a member of the California Bar in good standing and am admitted to practice in this District.

2.     This Declaration is submitted in support Plaintiffs' Counsel's Motion for Award of Attorneys' Fees; Reimbursement of Expenses; and Plaintiff Incentive Awards.

3.     This Declaration is based upon my personal knowledge of: (i) the services rendered by my firm during the litigation; (ii) my pertinent prior experience; and (iii) the hourly rates I typically charge my clients.

4.     The law is my third career.  My first profession was in the field of psychology.  I had a private practice as a Clinical Psychologist and, as an adjunct to my work as a clinician, I taught psychotherapy to doctoral level students in Clinical Psychology.  I was also the President of Psychologists for Social Responsibility – an organization of psychologists focused upon understanding the impact of major social/political issues on our daily lives – such as living with the impending threat of nuclear war - as well as how to cope with the impact of such issues in a psychologically healthy manner.  At a later date, I started my own business, Elder Psychological Services, which provided psychological services to elderly people and the chronic mentally ill at an assortment of residential facilities in New York, New Jersey, and Connecticut.  I oversaw every aspect of the business plus provided clinical supervision to the 20 or so psychotherapists who worked with Elder Psychological Services.

5.     I moved to California and attended Loyola law School, graduating in 2002.  Shortly after graduating, I opened my practice where I have specialized in the prosecution of class action litigation over the last twelve years.

6.     Since beginning my legal career, I have practiced in the area of consumer

1  protection, and have obtained favorable outcomes for thousands of consumers.  My
2  commitment to reaching successful outcomes for my clients was recognized by Judge
3  Peter D. Lichtman, who was at that time a Los Angeles Superior Court Judge well-
4  known for his skills as a mediator in complex cases, who stated "my compliment to
5  plaintiff's counsel who were virtually unwavering in their approach toward the case in
6  wanting to see a successful resolution." *Outten v. Career Education Corporation, et al.,*
7  Case No. BC 318199 (Cal.Sup.Ct, January 10, 2008). This case involved a group of
8  private for-profit "colleges" who falsely marketed job prospects to get students to enroll
9  in their schools, using aggressive marketing techniques and frequently targeting
10 minority students from families in which no one had ever gone to college.
11      7.     I am currently serving as Co-Lead Class Counsel in *Spears, et al. v. First*
12 *American Eappraiseit, Ca*se No. 5-08-cv-00868 (RMW) (N.D.Cal.) Dkt. No. 260
13 (August 1, 2012).  *Spears i*nvolves allegations on behalf of a nationwide class of
14 Washington Mutual Bank borrowers whose appraisals were subject to an illegal
15 conspiracy between the lender and eAppraiseIT in violation of Section 8(a) of RESPA,
16 12 U.S.C. § 2607(a).  Dkt. No. 249 (Order Granting Motion for Class Certification).
17      8.     In addition to my work investigating and litigating this case, I was the
18 primary contact for Plaintiff Aran Eisenstat.  Each Plaintiff has expended time and
19 effort in prosecuting this litigation consisting of: (a) retaining counsel; (b) providing
20 them information necessary to draft the complaints including the Products they
21 purchased, the location and frequency of such purchases and the reasons for selection of
22 the products; (c) reviewing and commenting on the draft complaints; (d) monitoring the
23 litigation which included regular calls with their counsel as well as the review of
24 documents and pleadings which were sent to them; (e) discussing the settlement terms
25 and ultimately agreeing to and approving such terms; (f) understanding and agreeing to
26 each of the responsibilities of a named plaintiff and putative class representative.  Mr.
27 Eisenstat, a firm believer in the importance of truthful advertising, could not have done
28 a better job as to each of his duties.

2

9.    My current hourly rate is $650.00. The total number of hours expended on this litigation by my firm from its inception through April 30, 2014, is 321.60 hours. The total lodestar to date for my firm is $209,040.00.  The schedule attached hereto as Exhibit 1 is a summary of time spent by the partners, attorneys and other professional support staff of my firm in the prosecution of this litigation. The lodestar calculation is based on my firm's current billing rates from inception of the case through April 30, 2014.  The schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm. The hourly rates are the same as the usual and customary hourly rates charged for services in other actions.

10.    I have also incurred costs totaling $15,199.79.  Over $10,000.00 of my firm's costs went for paying experts.  The next largest expense was for multiple mediations.  Much of the remainder of the costs are attributable to travel.  See Exhibit 2.

11.    I respectfully request that the Court approve Plaintiffs' Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Plaintiff Incentive Award.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed this 1st day of May, 2014, in Los Angeles, California.


JANET LINDNER SPIELBERG

# EXHIBIT 1

LITIGATION FEE REPORT

FIRM NAME: <u>Law Office of Janet Lindner Spielberg</u>

REPORTING PERIO D: INCEPTION - END

| Timekeeper | Hours | Rate | Lodestar | |
|---|---|---|---|---|
| Janet Spielberg | 321.60 | $650 | $ | 209,040.00 |
| | 0.00 | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| | | | $ | - |
| TOTAL | 321.60 | | $ | 209,040.00 |

# EXHIBIT 2

**EXPENSE REPORT**

**Law Office of Janet Lindner Spielberg**

**REPORTING PERIOD:  3/24/11 - 4/30/14**

| Description | Amount | |
|---|---|---|
| Travel (Air fare, ground travel, meals, lodging) | | $1,406.98 |
| Telephone/Facsimile | | |
| Postage/Express Delivery | $ | - |
| Internal Copies/Prints | $ | - |
| Experts/Consultants | | $10,291.66 |
| Court Fees | | |
| Court Reporters/Transcripts | | |
| Process Services | | |
| Computer Research | | $926.00 |
| Mediation Services | | $2,350.00 |
| Overnight Services | $ | - |
| Miscellaneous | | $225.15 |
| Total | $ | 15,199.79 |

# EXHIBIT D

Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER**
    **SPIELBERG**
12400 Wilshire Boulevard, Suite 400
Los Angeles, California 90025
Tel: (310) 392-8801
Fax: (310) 278-5938
Email: jlspielberg@jlslp.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, California 90064
Tel: (310) 836-6000
Fax: (310) 836-6010
Email: service@braunlawgroup.com

Joseph N. Kravec, Jr. (admitted pro hac vice)
Wyatt A. Lison (admitted pro hac vice)
McKean J. Evans (admitted pro hac vice)
**FEINSTEIN DOYLE PAYNE**
    **& KRAVEC, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
Email: jkravec@fdpklaw.com
       wlison@fdpklaw.com
       mevans@fdpklaw.com

*ATTORNEYS FOR PLAINTIFFS*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TAMAR DAVIS LARSEN AND ARAN EISENSTAT, on behalf of themselves and all others similarly situated,** | **CASE NO.: 3:11-cv-05188-WHO** <br><br> **CLASS ACTION** |
| Plaintiffs, | **DECLARATION OF JOSEPH N. KRAVEC, JR. IN SUPPORT OF PLAINTIFFS' COUNSEL'S REQUEST FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PLAINTIFFS INCENTIVE AWARDS** |
| v. | |
| **TRADER JOE'S COMPANY, a California Corporation,** | |
| Defendant. | Hon. William H. Orrick <br><br> Date:  Jul 9, 2014 <br> Time:  2:00 p.m. <br> Location: Courtroom 2, 17th Floor |

Declaration of Joseph N. Kravec, Jr. in Support of Plaintiffs'
Counsel's Request for Award of Attorneys' Fees, Reimbursement
of Expenses, and Plaintiffs Incentive Awards

I, Joseph N. Kravec, Jr., declare as follows:

1.      I am a Partner with Feinstein Doyle Payne & Kravec, LLC, Co-Lead Counsel for Plaintiffs Tamar Davis Larsen and Aran Eisenstat, and the Settlement Class in the above captioned matter. I am a member of the Pennsylvania Bar in good standing and am admitted *pro hac vice* in this action.

2.      I submit this declaration in support of Plaintiffs' Counsel's Request for Award of Attorneys' Fees, Reimbursement of Expenses, and Plaintiffs' Incentive Awards. I make this declaration based upon personal knowledge, unless otherwise indicated.

3.      My firm investigated the facts and legal bases underlying this action, drafted the three complaints filed, took the primary role in researching and responding to the motions to dismiss and for judgment on the pleadings, and drafted Plaintiffs' motion for reconsideration. My firm also took the primary role in drafting discovery requests, reviewing documents produced, responding to Defendant's discovery requests, and moving to compel discovery from Defendant. I also participated in two full-day mediations.

4.      I and the attorneys at my firm worked closely with Plaintiff Tamar Davis Larsen, discussing the claims she wished to bring and the legal basis for any such claims. My firm also discussed discovery responses with Ms. Larsen, collected any documents she had responsive to Defendant's requests, and the terms of the Settlement ultimately reached in the case. Filed herewith is the Declaration of Ms. Larsen stating the amount of time she spent reviewing materials and discussing the action with us, and her current hourly rate.

5.      The schedule attached hereto as Exhibit 1 is a summary of time spent by the partners, attorneys and other professional support staff of my firm in the prosecution of this litigation. The lodestar calculation is based on my firm's current billing rates. For personnel who are no longer employed by my firm, my lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm. The hourly rates are the same as the usual and customary hourly rates charged for services in other actions.

2

Case No. CV 10-01192 JSW (EDL)

Declaration of Joseph N. Kravec, Jr. in Support of Plaintiffs' Counsel's Request for Award of Attorneys' Fees, Reimbursement of Expenses, and Plaintiffs Incentive Awards

6.     The total number of hours expended on this litigation by my firm from inception through April 30, 2014, is **851.25** hours. The total lodestar to date for Feinstein Doyle Payne & Kravec, LLC is **$380,602.50**.

7.     Attached to my declaration as Exhibit 2 is a summary of expenses incurred in the prosecution of this matter totaling **$24,393.13**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 1st day of May, 2014, in Pittsburgh, Pennsylvania.


                                            s/Joseph N. Kravec, Jr.
                                            Joseph N. Kravec, Jr.

Case No. CV 10-01192 JSW (EDL)

Declaration of Joseph N. Kravec, Jr. in Support of Plaintiffs' Counsel's Request for Award of Attorneys' Fees, Reimbursement of Expenses, and Plaintiffs Incentive Awards

# EXHIBIT 1

**LARSEN AND EISENSTAT v. TRADER JOE'S COMPANY**
**LODESTAR REPORT**

**FIRM:  FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**

**REPORTING PERIOD:**    Inception through April 30, 2014

| PROFESSIONAL | STATUS | HOURLY RATE | TOTAL HOURS TO DATE | TOTAL LODESTAR TO DATE |
|---|---|---|---|---|
| William T. Payne | P | $575 | .75 | $       431.25 |
| Joseph N. Kravec, Jr. | P | $675 | 303.00 | 204,525.00 |
| Pamina Ewing | P | $525 | 20.25 | 10,631.25 |
| Stephen M. Pincus | P | $525 | 10.50 | 5,512.50 |
| Wyatt A. Lison | A | $475 | 105.00 | 49,875.00 |
| Maureen Davidson-Welling | A | $295 | 136.25 | 40,193.75 |
| McKean J. Evans | A | $275 | 198.25 | 54,518.75 |
| Gregory A. Murray | A | $240 | 34.75 | 8,340.00 |
| Bryan A. Fox | A | $240 | 6.00 | 1,440.00 |
| Chris Dumbroski | A | $240 | .25 | 60.00 |
| Daniel Carmeli | LC | $140 | 4.00 | 560.00 |
| Matthew McDermott | PL | $140 | 20.50 | 2,870.00 |
| Gail Z. Brown | PL | $140 | 7.50 | 1,050.00 |
| Marcia Carney | PL | $140 | 2.25 | 315.00 |
| Jacob Brett | PL | $140 | 2.00 | 280.00 |
| Totals | | | 851.25 | $ 380,602.50 |

Partner (P)
Associate (A)
Law Clerk (LC)
Paralegal (PL)

# EXHIBIT 2

LARSEN AND EISENSTAT v. TRADER JOE'S COMPANY
EXPENSE SUMMARY

FIRM:  FEINSTEIN DOYLE PAYNE & KRAVEC, LLC

REPORTING PERIOD:      Inception through April 30, 2014

| Category | Amount |
|---|---|
| Experts (N. Hooker, Ph.D) | $    6,660.00 |
| Fax | 5.00 |
| Filing fees | 940.00 |
| Mediator fees | 2,350.00 |
| Miscellaneous – Trader Joe's Products | 37.78 |
| Outside Photocopying | 36.03 |
| Overnight Delivery | 441.23 |
| PACER | 27.88 |
| Photocopying | 388.08 |
| Postage | 68.31 |
| Process Server | 2,292.05 |
| Research – Food Surveys | 5,925.00 |
| Scanning | 22.30 |
| Travel – Airfare | 2,574.50 |
| Travel – Autos, taxi, parking | 206.83 |
| Travel – Hotels | 1,447.65 |
| Travel – Meals | 26.00 |
| Westlaw | 944.49 |
| Total | $ 24,393.13 |

# EXHIBIT E

Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER**
    **SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, California  90025
Tel:  (310) 392-8801
Fax: (310) 278-5938
Email: jlspielberg@jlslp.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
Tel:  (310) 836-6000
Fax: (310) 836-6010
Email: service@braunlawgroup.com

Joseph N. Kravec, Jr. (*pro hac vice*)
Wyatt A. Lison (*pro hac vice*)
**FEINSTEIN DOYLE PAYNE &**
    **KRAVEC, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel:  (412) 281-8400
Fax: (412) 281-1007
Email: jkravec@fdpklaw.com
    wlison@fdpklaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TAMAR DAVIS LARSEN and ARAN EISENSTAT on behalf of themselves and all others similarly situated,**<br><br>                                    Plaintiffs,<br><br>                    v.<br><br>**TRADER JOE'S COMPANY,**<br><br>                                    Defendant. | **CASE NO.:  CV-11-5188-WHO**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF TAMAR LARSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND PLAINTIFF INCENTIVE AWARD** |

1

DECLARATION OF TAMAR LARSEN IN SUPPORT
OF PLAINTIFF'S MOTION FOR AWARD OF
ATTORNEYS' FEES; REIMBURSEMENT OF
EXPENSES; AND PLAINTIFF INCENTIVE AWARD

I, Tamar Davis Larsen hereby declare:

1.     I am a named Plaintiff in the above matter. I along with my co-plaintiff Aran Eisenstat initiated this lawsuit on behalf of ourselves and the putative class.

2.     I make this declaration based on my personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

3.     After initiating this case, I actively participated in all aspects of this litigation including regular discussions with my attorneys about the litigation, the mediation and ultimate settlement of the case. I routinely consulted with my attorneys about the litigation and have stayed informed regarding all the important events pertaining to the litigation. Through my attorneys I participated in the negotiations that resulted in the settlement of this matter.

4.     To date, I have spent approximately 8.5 hours on this litigation broken down as follows:

    a.  Reviewing draft and final complaints:             5 hours;

    b.  Responding to discovery:                     1.5 hours;

    c.  Communications with counsel:              5 hours;

    d.  Review/comment on settlement agreements:    1 hours.

5.     I am currently employed as an assistant professor at the Colorado School of Mines. My currently hourly rate is $250.00 per hour.

6.     I continue to support the settlement and believe its terms to be fair.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29 day of April, 2014 in _Boulder, CO._

_Tamar S. Larsen_
Tamar Davis Larsen

---

Case No. CV-11-5188-WHO              2

# EXHIBIT F

1   Janet Lindner Spielberg (SBN 221926)       Joseph N. Kravec, Jr. (*pro hac vice*)
    **LAW OFFICES OF JANET LINDNER**           Wyatt A. Lison (*pro hac vice*)
2     **SPIELBERG**                            **FEINSTEIN DOYLE PAYNE &**
3   12400 Wilshire Boulevard, #400               **KRAVEC, LLC**
    Los Angeles, California  90025             Allegheny Building, 17th Floor
4   Tel:  (310) 392-8801                       429 Forbes Avenue
    Fax:  (310) 278-5938                       Pittsburgh, PA  15219
5   Email: jlspielberg@jlslp.com               Tel:  (412) 281-8400
                                               Fax:  (412) 281-1007
6   Michael D. Braun (SBN 167416)              Email: jkravec@fdpklaw.com
7   **BRAUN LAW GROUP, P.C.**                       wlison@fdpklaw.com
    10680 West Pico Boulevard, Suite 280
8   Los Angeles, CA 90064
    Tel:  (310) 836-6000
9   Fax:  (310) 836-6010
    Email: service@braunlawgroup.com
10
11  *Attorneys for Plaintiffs*

12

13              IN THE UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16  **TAMAR DAVIS LARSEN and ARAN**        |  **CASE NO.:  CV-11-5188-WHO**
    **EISENSTAT on behalf of themselves and all** |
17  **others similarly situated,**         |  **CLASS ACTION**

18                          **Plaintiffs,**  |  **DECLARATION OF ARAN EISENSTAT**
                                             |  **IN SUPPORT OF PLAINTIFF'S MOTION**
19                          **v.**           |  **FOR AWARD OF ATTORNEYS' FEES;**
                                             |  **REIMBURSEMENT OF EXPENSES; AND**
20  **TRADER JOE'S COMPANY,**               |  **PLAINTIFF INCENTIVE AWARD**

21                          **Defendant.**   |

22

23

24

25

26

27

28

                                      1

I, Aran Eisenstat hereby declare:

1.        I am a named Plaintiff in the above matter. I along with my co-plaintiff Tamar Larsen initiated this lawsuit on behalf of ourselves and the putative class.

2.        I make this declaration based on my personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

3.        After initiating this case, I actively participated in all aspects of this litigation including regular discussions with my attorneys about the litigation, the mediation and ultimate settlement of the case. I routinely consulted with my attorneys about the litigation and have stayed informed regarding all the important events pertaining to the litigation. Through my attorneys I participated in the negotiations that resulted in the settlement of this matter.

4.        To date, I have spent approximately 29 hours on this litigation broken down as follows:

    a.   Reviewing draft and final complaints:              9.0 hours
    b.   Communications with counsel:                      15.0 hours
    c.   Review/comment on settlement agreements:          5.0  hours

5.        I am currently employed as A Regional Currier for Kaiser Permanente. My current hourly rate is $38.00 per hour.

6.        I support the settlement and believe its terms to be fair.

2

1         I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3

4    Executed this 27 day of ___April___ in ___2014 / Oak Park - CA.

5

6                                    ARAN EISENSTAT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV-11-5188-WHO                                     EISENSTAT DECL.