**Jeff M. Brown**
1544 SW 13th Street
Boca Raton, FL 33486-5339
561-213-7814



June 2, 2014

United States District Court
Clerk of Court's Office
Northern District of California,
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 95113



Re: Trader Joe's Class Action
Larsen v Trader Joe's 3:11-cv-05188-WHO
OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND NOTICE OF
INTENT NOT TO APPEAR

Dear Judge William Orrick:

### I.     CLASS MEMBERSHIP

At the time of purchase, lived at 1544 SW 13th Street, Boca Raton, Florida 33486-5339. I frequently travel to St. Paul., Minnesota where my family lives and routinely shopped at (and still do) Trader Joe's and at the very least purchased the products listed in my claim as well as a plethora of other products many of which state or insinuate the products are "All Natural" or 100% Natural. Objector does not intend to appear at the fairness hearing although does request being added to the service list.

### II.    THE COURT HAS A FIDUCIARY DUTY

"The court has a fiduciary responsibility as guardian of the rights of absentee class members when deciding whether to approve a settlement agreement. *Kullar v. Foot Locker Retail, Inc.,* 168 Cal. App. 4th 116, 129 (2008) (quoting 4 *Newberg on Class Actions* § 11:41 (4th ed. 2002)). "The court must determine whether the settlement is fair, adequate, and reasonable. The purpose of the requirement is protecting those class members, including the named plaintiffs, whose rights may not have been due regard by the negotiating parties." *Dunk v. Ford Motor Co.,* 48 Cal. App. 4th 1794, 1801 (1996) (internal citations omitted). The court "may not simply act as a rubberstamp for the parties' agreement"; instead, the court must both assess the fairness of the substantive terms and subject the corresponding scheme of attorney compensation to "thorough judicial review." *In Re Consumer Privacy Cases,* 175 Cal. App. 4th 545, 555 (2009).

A district court must act as a "fiduciary for the class," "with 'a jealous regard' " for the rights and interests of absent class members. *In re Mercury Interactive Corp.*, 618 F.3d 988, 994-95 (9th Cir. 2010) (quoting *In re Washington Pub. Power Supply Sys. Lit.*, 19 F.3d 1291, 1302 (9th Cir. 1994)). "Because class actions are rife with potential conflicts of interest between class counsel and class members, district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004). "Both the class representative and the courts have a duty to protect the interests of absent class members." *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992). *See also Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) ("The district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members").

"Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members.... [T]he court cannot accept a settlement that the proponents have not fair, reasonable and adequate." *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F. 3d 768, 785 (3d. Cir. 1995) (quoting *Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975)). *See also Riker v. Gibbons*, 2010 WL 4366012, at *2 (D. Nev. Oct. 28, 2010).

There should be no presumption in favor of settlement approval. The settlement proponent bears the burden of proof to show the settlement is fair, adequate, and reasonable. *See 7-Eleven Owners for Fair Franchising v. Southland Corp.* 85 Cal. App. 4th 1135, 1165-66 (2000); *see also Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 245 (2001); *Kullar v. Foot Locker Retail, Inc.* 168 Cal. App. 4th 116, 132 (2008). "These concerns warrant special attention when the record suggests that settlement is driven by fees; that is, when counsel receive a disproportionate distribution of the settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This is a fee-driven settlement: the only certainty in this settlement is the fee. Any value given to the settlement is mere speculation as there are no estimates as to the size of the class or how much cash Defendant will likely be required to reimburse.

It is insufficient that the settlement was at "arm's length" without express collusion between the settling parties; because of the danger of conflicts of interest, third parties must monitor the reasonableness of the settlement as well. "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have obtained." *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003).

Page Three
Jeff Brown/Trader Joe's

June 2, 2014

### III. CONCLUSION

In that class members have not been provide detail to conclude the settlement has been procured by an arm's length transaction the approval of the proposed settlement should be delayed until class members have been provided sufficient detail of the case and provisions of the settlement in a detailed manner.

Jeff M. Brown, Pro se

JMB/cm

cc: Janet Lindner Spielberg, Esq.
Law Office of Janet Lindner Spielberg
12400 Wilshire Boulevard, Suite 400
Los Angeles, CA 90025

Michael D. Braun, Esq.
Braun Law Group, P.C.
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064

Joseph N. Kravec, Jr., Esq.
Feinstein Doyle Payne & Kravec, LLC
439 Forbes Avenue, 17th Floor
Pittsburgh, PA 15219

Jeff M. Brown
1544 SW 13 Street
Boca Raton, FL 33486

United States District Court
Clerk of Court's Office
Northern District of California,
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 95113

02 1P
0003108472   $ 000.48⁰
MAILED FROM ZIP CODE 33432
JUN 02 2014
PITNEY BOWES