FILED

JUN 0 6 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

**Patrick Sweeney**
**430 Matterhorn Dr**
**Verona WI 53593**
**patrick@sweeneylegalgroup.com**
**608-695-3961**

May 31, 2014

United States District Court
Clerk of Court's Office
Northern District of California,
San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 95113

Re: Trader Joe's Class Action
Larsen v Trader Joe's 3:11-cv-05188-WHO
OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR

Dear Judge William Orrick:

### I. OVERVIEW

In California class action suits, a mixture of federal case law and equitable principles incorporated into state cases govern compensation of class counsel. Cohelan on California Class Actions § 10:1 (2013-2014 ed.) The "signs that class counsel have allowed pursuit of their own self-interests" that federal appellate courts of this State's Circuit have detected in failed settlements have made their presence known in this proposed settlement as well. As of the filing of this objection, Class counsel has not filed with the court nor posted on the settlement website the hourly detailed itemized statement of attorney fees and expenses notwithstanding the filing of a Motion for the Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards. It is impossible for the class members to evaluate the reasonableness of the attorneys' fees without those detailed itemized statement of attorney's fees and expensive. Additionally, there are no firm and quantified estimates provided as to the size of the class, making it impossible to determine the value of the settlement, in turn, the percentage of that settlement the attorneys' fees represent. This settlement is therefore unfair and should not be approved.

### II. CLASS MEMBERSHIP

At the time of purchase, lived at 430 Matterhorn Drive, Verona, WI 53593. I routinely shopped (and still do) at Trader Joe's and at the very least purchased the products listed in my claim as well as a plethora of other products many of which state or insinuate the products are " All Natural " or 100% Natural. Objector does not intend to appear at the fairness hearing although does request being added to the service list.

### III. THE AGREEMENT STRUCTURE AND COUNSEL'S FAILURE TO FILE IMPORTANT DOCUMENTS MAKES VALUING THE SETTLEMENT NEARLY IMPOSSIBLE

Any agreement entered into with respect to the payment of attorneys' fees or the submission of an application for the approval of attorney's fees must be set forth in full in any application for settlement of an action that has been certified as a class action.

The architects of the settlement have created a notice problem for the class by structuring the settlement so the class members are without crucial information at the time of the objection deadline. Because the parties must show the settlement is fair, reasonable, and adequate, but the class is without vital information regarding the specifics of the attorneys' claims for fees, the fairness of the settlement, and the magnitude of the claims, class members lack the essential and minimal information required to have any idea whether the settlement is fair, reasonable, or adequate. This information won't be known at the time of the fairness hearing, due to the schedule that the settling parties have designed, and it cannot be known now.

### VI. CONCLUSION

Although the above objection goes into some detail about the defects of the settlement as it stands, it is within the power of the settling parties to modify it slightly to make it a lawful and appropriate agreement. The "clear sailing" provision that the settlement contains, and the swollen attorneys' fees it provides for, are warning signs of self-dealing that demonstrate class counsel's less than zealous attention to the interests of the class. This settlement's generosity to its advocates cannot be reconciled with class counsel's duty to fairly and adequately protect the interests of the class. If this Court approves the settlement, it should award no more than 20% of the class benefit to class members' attorneys. More precisely, that means that the court should look at exactly how much money is being awarded to class members, divide that figure by 3, and set the resultant quotient as a ceiling above which attorney compensation should not be allowed to metastasize. Awards to attorneys should sum to no greater than 20% of the value of the settlement: class counsel should not be generously rewarded for engineering a settlement that sells the interests of its clients short.

In addition objector incorporates by references of all other objectors in this case

Respectfully,

Patrick Sweeney  PRO SE

cc: Class Counsel of Record