

May 30, 2014

Clerk of the U. S. District Court
for the Northern District of California
San Francisco Division
450 Golden Gate Ave.
San Francisco, CA 94102

Re: Larsen et al. v. Trader Joe's Company
   Case No. 3:11-cv-05188-WHO
   Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Settlement. I am a Settlement Class Member who swears under penalty of perjury that he purchased Trader Joe's Company Product during the Class Period and has not opted out of the Settlement, and I am not being represented by counsel. I do intend to appear at the Final Approval Hearing.



The basis of my objection are three fold: 1) There is no adequate showing that the proposed Settlement bears any relationship to the alleged damages inflicted by Defendant on Plaintiffs; 2) The actions of Class Counsel, including improper use of a protective order, are indicia of a consciousness of unfairness and collusion; and 3) The amount of the proposed attorney fees of up to $950,000.00 constitute over reaching, represents unjust enrichment, and shocks the conscience.

In its Stipulation and Settlement Statement published on the case web site, Class Counsel failed to recite what particular discovery, what proceedings, and what procedures led up to the proposed Settlement. Members of the class, including myself, need to be able to look through the file, including discovery, and satisfy themselves that the proposed Settlement is adequate, fair, and an arms length transaction, but this is not possible because there is a Protective Order in place.

Since I am a member of the class, and therefore a client of Class Counsel, there is legal authority to support my right to access and scrutinize Class Counsel's file. Beside the Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product privilege against client. And in *Resolution Trust Corp. v. H---, P.C.* 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The protective order in place in this case was the result of a joint motion by both Class Counsel and the Defense. Under Rule 26©, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause*. For good cause to exist under Rule 26 (c, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." ***Phillips v. G.M. Corp.,*** 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." ***Beckman Indus., Inc. v. Int'l Ins. Co.,*** 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." ***San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)*** 187 F.3d 1096, 1103 (9th Cir. 1999).

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, Class Counsel saw no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they saw no need to discover more.

Therefore, I oppose the proposed settlement and demand greater information on how it represents an adequate result for Class Plaintiffs. I request that the protective order be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable.

Very truly yours,

*Michael Narkin*

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507
mpilot2001@aol.com

2

