UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TAMAR DAVIS LARSEN AND ARAN EISENSTAT, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**TRADER JOE'S COMPANY, a California Corporation,**<br>Defendant. | Case No. 3:11-cv-05188-WHO<br><br>**FINAL ORDER<br>AND JUDGMENT**<br><br>Hon. William H. Orrick<br>Courtroom 2, 17th Floor |

Based upon the submissions of the Parties,

IT IS ORDERED, ADJUDGED AND DECREED:

1.     This Final Order and Judgment incorporates herein and makes a part hereof (i) the Stipulation of Class Action Settlement ("Agreement"), dated February 3, 2014 (Docket No. 81-01); and (ii) Exhibit 1 ([Proposed] Final Judgment and [Proposed] Order Approving Settlement), Exhibit 2 (Claim Form), Exhibit 3 (Long Form Notice), Exhibit 4 (Short Form Notice), and Exhibit 5 ([Proposed] Order Re Preliminary Approval), all of which are exhibits to the Agreement. The Parties are hereby authorized to agree to and adopt such amendments to, and modifications and expansions of, the Agreement and all exhibits thereto, without further order from the Court, as (a) shall be consistent in all material respects with the Final Order and Judgment entered by the Court, and (b) do not limit the rights of Settlement Class Members; otherwise, such amendments, modifications, and expansions shall only be after notice to and approval of the Court. Capitalized terms in this Final Order and Judgment shall have the same meanings as defined terms in the Agreement.

<u>Final Class Certification</u>

2.     The Court finds that, for purposes of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class. Joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Settlement Class Members and predominate over questions affecting only individual Settlement Class Members' claims regarding whether Trader Joe's Company misbranded or mislabeled certain of its products by using the terms "All Natural" and/or "100% Natural" even though they contained allegedly synthetic ingredients. Plaintiffs' claims are typical of those of the Settlement Class, in that (i) the interests of the Plaintiffs are consistent with those of the Settlement Class; (ii) there are no apparent conflicts between or among the named Plaintiffs and the members of the Settlement Class; (iii) the Plaintiffs have been and are capable of continuing to be an active participant in both the prosecution of, and the negotiations to settle, the Action; and (iv) the Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those

involving the sort of practices alleged in the Second Amended Complaint.  Finally, a class settlement is superior to other available methods for a fair resolution of the controversy.

3. The Court hereby finally certifies, for settlement purposes only, the following settlement class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:  All persons who, on or after October 24, 2007 through February 6, 2014, made retail purchases of one or more Trader Joe's food products—specifically, Joe-Joe's Chocolate Vanilla Creme Cookies, Joe-Joe's Chocolate Sandwich Creme Cookies, Trader Joe's Jumbo Cinnamon Rolls, Trader Joe's Buttermilk Biscuits, Trader Giotto's 100% Natural Fat Free Ricotta Cheese, and Trader Joe's Fresh Pressed Apple Juice (the "Products")—that were labeled "All Natural" or "100% Natural" and also contained  one or more of the following ingredients:  ascorbic acid, cocoa processed with alkali, sodium acid pyrophosphate, vegetable mono- and diglycerides, and xanthan gum.  Excluded from the Settlement Class are:  (i) Trader Joe's and its employees, principals, officers, directors, agents, affiliated entities, legal representatives, successors and assigns; (ii) the judges to whom this action has been or is assigned and any members of their immediate families; and (iii) all consumers who have filed a timely Request for Exclusion from the Settlement Class ("Settlement Class").  The Settlement Class Period shall mean the period commencing October 24, 2007 through the February 6, 2014.  A list of those persons who have excluded themselves from the Settlement Class, and who are therefore not bound by this Final Order and Judgment, is attached as Exhibit B.

<u>Class Notice</u>

4. The Court finds that the distribution of the Short Form Notice and the Long Form Notice, the establishment of the toll-free telephone number, and creation of the settlement website, all as provided for in the Agreement and the Preliminary Approval Order:

    a. constituted the best practicable notice under the circumstances to Settlement Class Members;

    b. was reasonably calculated, under the circumstances, to apprise Settlement Class Members of:  (i) the pendency of this Action, including the nature of the lawsuit, the definition of the Settlement Class, and the claims of the Settlement Class; (ii) their right to request exclusion from the Settlement Class and the proposed settlement and the appropriate procedure for doing so; (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the

   Settlement Class' representation by Plaintiffs or Co-Lead Counsel, and/or the award of Attorneys' Fees and Expenses and incentive awards); (iv) their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense); (v) Co-Lead Counsel's request for Attorneys' Fees and Costs; and (vi) the binding effect of the Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons who have not requested exclusion from the Settlement Class;

 c. was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

 d. fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rules 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable laws.

<u>Adequacy of Representation</u>

5. The appointment of Co-Lead Counsel as counsel for the Settlement Class is fully and finally confirmed in accordance with Federal Rule of Civil Procedure 23(g).

6. The Plaintiffs Tamar Davis Larsen and Aran Eisenstat ("Plaintiffs"), as representatives of the Settlement Class, and Co-Lead Counsel have adequately represented the Settlement Class for purposes of entering and implementing the Agreement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4).

<u>Class Action Fairness Notice</u>

7. The Court finds that Trader Joe's provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has provided the appropriate state and federal government officials with the required 90-day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering this Final Order and Judgment, and neither the Parties nor the Court have received any objections from the appropriate state and federal government officials.

<u>Final Settlement Approval</u>

8. The terms and provisions of the Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. Moreover, the terms and provisions of the Agreement are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

Clause), and any other applicable law. The Court has considered and denied all objections filed in this Action. Accordingly, the Court hereby directs that the settlement shall be effected in accordance with the terms of the Agreement, and Trader Joe's is ordered to implement the terms and conditions of the Agreement, including payment to all Settlement Class Members who have not excluded themselves from this settlement and who have submitted a timely, valid Claim pursuant to the Agreement.

<u>Releases</u>

9. With this final approval of the Agreement, it is hereby ordered that the Releases, which are set forth in Section VII of the Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment including, but not limited to the foregoing release: the Released Parties (as that term is defined in Section II of the Agreement) are forever discharged by the Releasing Parties from any claims or liabilities arising from, or in any way relating to the Released Claims (as that term is defined in Section II of the Agreement); that the covenant not to sue has been given by each Settlement Class Member in favor of each Released Party; and that all Settlement Class Members are bound thereby.

<u>Binding Effect</u>

10. The terms of the Agreement and of this Final Order and Judgment, including all exhibits hereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates and assigns.

<u>Dismissal</u>

11. This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend, with each party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided in the Agreement), and all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion (and their heirs, executors, administrators, beneficiaries, predecessors, successors, affiliates and assigns) shall be forever barred and permanently enjoined from starting, continuing, or

participating in, litigating, or receiving any benefits or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order, or other proceeding or action based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims except claims relating to the enforcement of the settlement of this Action. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate the Court's Final Order and Judgment.

### Attorneys' Fees and Expenses

12. Co-Lead Counsel is hereby awarded attorneys' fees and reimbursements of their expenses in the amount of $950,000.00 to be paid by Trader Joe's to FEINSTEIN DOYLE PAYNE & KRAVEC, LLC, 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, Pennsylvania 15219, whom then will be responsible for allocating the award of Attorneys' Fees and Expenses between Co-Lead Counsel. Such fees are to be paid by Trader Joe's within five (5) days of the Effective Date (as defined in the Agreement).

### Plaintiffs' Incentive Awards

13. The Court finds and determines that an incentive award of $2,500.00 each is due and payable to Plaintiffs Tamar Davis Larsen and Aran Eisenstat for their services and efforts in the representation of the Settlement Class. Such awards are to be paid by Trader Joe's within five (5) days of the Effective Date (as defined in the Agreement) to FEINSTEIN DOYLE PAYNE & KRAVEC, LLC, 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, Pennsylvania 15219, whom then will be responsible for distributing the awards to Plaintiffs in accordance with the Agreement.

### No Admission

14. Neither the Agreement nor this Final Order and Judgment (nor any document related to or referred to herein or any action taken to carry out the Agreement and this Final Order and Judgment) is, may be construed as, or may be used as an admission or concession by or against Trader Joe's or any Released Party of the validity of any claim or any actual or potential fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Agreement (including the exhibits thereto), and any negotiations or proceedings related thereto, shall not in any event be

construed as, or deemed to be evidence of, an admission or concession with regard to the denials and defenses by Trader Joe's or any Released Party, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Agreement, provided however, this Final Order and Judgment and the Agreement (including the exhibits thereto) may be filed in any action against Trader Joe's or any Released Party to support a defense of *res judicata*, collateral estoppel, judicial estoppel, release, good faith settlement, judgment bar or reduction, full faith and credit, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Certification shall be automatically vacated and this Final Order and Judgment shall become null and void if the Agreement is disapproved by any appellate court and/or any other court of review, or if the Agreement is terminated according to its terms and conditions, in which event this Final Order and Judgment, the Agreement (and exhibits thereto), and the fact that they were entered into shall not be offered, received or construed as an admission or as evidence for any purpose, including, but not limited to, the certification of any class and Trader Joe's liability with respect to any claims that were or could have been asserted in this Action.  The Agreement itself, actions in conformance with same, and the other documents prepared or executed by either Party in negotiating or implementing the Agreement, including any of the terms of any such documents, shall not be construed as an admission, waiver or estoppel by Trader Joe's and shall not be offered in evidence in or shared with any party to any civil, criminal, administrative, or other action or proceeding without Trader Joe's express written consent.

## Jurisdiction

16. The Court has personal jurisdiction over the Parties and the Settlement Class Members, and it has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Final Order and Judgment, and for any other necessary purpose, including without limitation:

    a. enforcing the terms and conditions of the Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Agreement, this Final Order and Judgment (including, without limitation, whether a person is or is not a Settlement Class Member, and whether claims or causes of action allegedly related to this Action are or are not barred by the Final Order and Judgment or Release);

    b. entering such additional orders as may be necessary or appropriate to protect or effectuate this Final Order and the Judgment approving the Agreement, dismissing all claims with prejudice, and permanently enjoining Settlement Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of the settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

<u>Entry of Judgment</u>

17. Because the Parties' settlement resolves all claims that were or could have been asserted in this Action as to all the Parties and Settlement Class Members, Final Judgment is entered as to all Parties and Settlement Class Members and with respect to all claims that were or could have been asserted in the Action.

LET JUDGMENT BE ENTERED ACCORDINGLY.

_____
HON. WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

Dated: _July 11_____, 2014.